# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ROBERT OCHS,**

    **Petitioner,**

vs.                                           **No. Civ. 05-337 MV/RHS**

**STANLEY MOYA, Warden, et al.,**

    **Respondents.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court upon Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody ("Petition"), filed March 28, 2005 **[Doc. 1]**[1] and Respondent's Motion to Dismiss Petition, filed May 4, 2005 **[Doc. 13]**. Petitioner, Robert Ochs, who is confined pursuant to the Judgment and Sentence of the Fifth Judicial District Court of Eddy County, New Mexico, is proceeding *pro se* and *in forma pauperis*. (See Ex. A, attached to Respondent's Answer[2] **[Doc. 15]**.

    2. On July 28, 2003, following a jury trial, Petitioner was convicted of Arson, Tampering with Evidence and Resisting, Evading or Obstructing an Officer and was sentenced to a total of ten and one-half years of imprisonment. (See id.) On May 19, 2004, the New Mexico Court of Appeals affirmed Mr. Ochs' convictions, and on July 6, 2004, the New Mexico Supreme Court denied his petition for writ of certiorari. (See Exs. I, G.) Petitioner filed a Petition for Writ of

---

[1] Petitioner filed a second Petition ("Amended Petition") on July 18, 2005 **[Doc. 16]**.

[2] All exhibits cited in this document are attached to Respondent's Answer.

Habeas Corpus in state district court (see Ex. K), which was denied on April 26, 2005 (see Ex. L).  Nothing indicates that Petitioner appealed the denial of his state court habeas petition.

*Factual Background*[3]

3.  On July 30, 2002, Mr. Ochs set fire to a 1992 Ford Taurus and walked away.  Witnesses observed Mr. Ochs climbing over fences and walking through private yards.  At one point, Mr. Ochs removed his shirt, shoes and socks.  Two witnesses saw Mr. Ochs use what they assumed was a knife and make "cutting motions[,] as if he were trying to cut off his braid." (Docketing Statement at 3, Ex. D.)  Police found Mr. Ochs hiding in another yard and, after a brief struggle, arrested him.

4.  Mr. Ochs' grandparents, Robert and Joana Kreul, held title to the Ford Taurus and signed a statement indicating that they wished to prosecute Mr. Ochs for destroying the vehicle.  At trial, however, Mr. Kreul testified that he had given the vehicle to Mr. Ochs and "considered the car Mr. Ochs' to do with as he wished." (Id.)  Mr. Ochs did not testify.

*Discussion*

5.  In his federal petition, Mr. Ochs claims that "[o]wnership [of the car] or owner's consent . . . [voids] the charge of arson and tampering." (Petition at 6.)  Mr. Ochs evidently contends that the vehicle belonged to him, explaining that "[a]ll [traffic] tickets and trials involving Robert Ochs and a vehicle ha[ve] always been [sic] this same vehicle[,] so shows potential ownership." (Amended Petition at 6.)  Petitioner also points to the "testimony of [his]

---

[3]The factual background is taken from the Docketing Statement that Mr. Ochs submitted to the New Mexico Court of Appeals in support of his direct appeal.  (See Ex. D.)

2

grandfather"[4] in support of his claim of ownership.  (Id.)  The Court construes Petitioner's claim as one challenging the sufficiency of the evidence underlying his conviction of arson.[5] Specifically, Petitioner alleges an insufficiency of evidence regarding the statutory element concerning ownership of the vehicle at issue.[6]

6.  In its motion to dismiss, the Government argues that Mr. Ochs' Petition is both unexhausted and that it "fails to state a cognizable claim of federal constitutional error." (Respondent's Memorandum Brief in Support of Motion to Dismiss Petition at 2 **[Doc. 14]**.)  The Court finds that even if Petitioner's claim is not exhausted, it fails on its merits.  See 28 U.S.C. § 2254(b)(2) (providing that a federal district court "may deny a habeas petition on the merits, notwithstanding failure to exhaust").

7.  Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a state court has decided issues on the merits, a federal court may grant habeas relief only if a petitioner can show that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," id. § 2254(d)(1), or "was based on an

---

[4]Petitioner's grandfather, Mr. Kreul, testified "that he had given the car to Mr. Ochs and that he considered the car Mr. Ochs' to do with as he wished."  (Memorandum in Opposition to Proposed Summary Affirmance and Motion to Amend the Docketing Statement ("MIO") at 6, Ex. F.)

[5] To the extent that Petitioner challenges his conviction for tampering, the arguments are no different than those raised in his challenge to the arson conviction.

[6]"Arson consists of . . . starting a fire . . . with the purpose of destroying or damaging any . . . property of *another* . . . ."  N.M.S.A. § 30-17-5(A) (emphasis added).

unreasonable determination of the facts in light of the evidence presented in the State court proceedings," id. § 2254(d)(2).

8. A court reviews a sufficiency of the evidence challenge to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). A reviewing court "may not weigh conflicting evidence nor consider the credibility of witnesses. Rather, the Court must accept the jury's resolution of the evidence as long as it is within the bounds of reason." Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996) (quotation omitted).

9. On one hand, the State presented evidence that Mr. Kreul held title to the Ford Taurus.[7] (See MIO at 13, Ex. F) On the other hand, Mr. Ochs presented evidence that the vehicle belonged to him.[8] In finding the evidence sufficient to support Mr. Ochs' arson conviction, the New Mexico Court of Appeals explained that "when presented with conflicting evidence on a question of fact, it is the exclusive province of the jury to determine where the truth lies." (Notice Proposed Summary Disposition at 7, Ex. E (citations omitted)); (see also Memorandum Opinion at 6, Ex. G (noting that where "conflicting evidence [regarding vehicle ownership] was presented, it was for the jury to resolve that conflict").) The state court found that "the jury concluded that the State's evidence was more probative of ownership than Mr.

---

[7]Under New Mexico law, "[a] certificate of title issued by the division [of motor vehicles] shall be received in evidence as prima facie evidence of the ownership of the vehicle named in the certificate." N.M.S.A. § 66-3-12.

[8]In addition to Mr. Kreul's testimony, Petitioner points to a traffic ticket from 1995 indicating that he was the driver of the Ford Taurus, in support of his claim of ownership. (See Amended Petition at 6.)

4

Kreul's statement[,] [and] [t]his Court cannot re-weigh the evidence, nor may we substitute our judgment for that of the jury." (Id.)[9] The jury's resolution of the conflicting evidence regarding ownership was within the bounds of reason.

10. The New Mexico Court of Appeals addressed Petitioner's claim and found that the evidence was sufficient to support his convictions of arson and tampering. Petitioner's submissions and argument do not provide "clear and convincing evidence" to rebut the presumption of correctness of the state court's factual findings.[10] Moreover, the state court's decision was not contrary to, nor involved an unreasonable application of, clearly established Federal law. Neither was the decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. Accordingly, relief based on Petitioner's claim should be denied.

## Recommended Disposition

I recommend that Respondent's motion to dismiss be granted, Petitioner's application for writ of habeas corpus be denied and this civil proceeding be dismissed with prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party

---

[9] Although the state court did not cite to Jackson, the sufficiency of the evidence standard it applied was nearly identical.

[10] The state court's findings should be given deference in federal habeas proceedings. Factual findings from state court proceedings are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE